UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 6-57-B-W |
| | ) |
| WILLIAM C. BURHOE, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON COMPETENCY**

On July 7, 2009, the Court referred to me for hearing William Burhoe's Motion to Suppress (Doc. No. 133). Burhoe's case in this court began in September 2006 when he was indicted by a federal grand jury and charged with knowingly possessing a firearm after having been committed to a mental institution. On October 6, 2009, this court ordered Burhoe committed to a suitable federal facility for the purpose of a competency examination. (Doc. No. 10). Following that evaluation, this court found Burhoe incompetent to stand and ordered him committed to a federal facility for a period not to exceed four months in order to ascertain if the defendant's mental condition could be so improved as to render him competent to proceed to trial. That Order was entered on June 20, 2007. (Doc. No. 42). For almost two full years Burhoe remained committed pursuant to the court's Order, during which time the court revisited numerous issues related to Burhoe's competency, including a request for involuntary medication. Finally on May 13, 2009, Burhoe was returned to this court and found competent to stand trial. (Doc. No. 121). Defendant was arraigned on the indictment and an order entered in respect to discovery. (Doc. No. 122). On May 21, 2009, I entered an order of detention pending trial, but the trial has been rescheduled a number of times due to the pendency of this motion to suppress.

When the motion was referred to me, I attempted to schedule to prompt hearing, but before the hearing could be scheduled Burhoe's attorney filed a Motion for Hearing to Determine Competency (Doc. No. 146), advising the court that Burhoe was no longer competent to proceed with either the hearing on the motion to suppress or with the trial of this matter. I scheduled the motion for hearing and held the preliminary hearing to determine competence on July 20, 2009. I heard from one witness, Bruce B. Kerr, Ph.D., who opined that Burhoe's condition had deteriorated and that Burhoe was no longer legally competent. The Government did not challenge Kerr's assessment.

Kerr met with Burhoe on two occasions, June 18, 2009, and then again on June 29, 2009. He also reviewed an extensive collection of medical records, including the report prepared by the federal medical examiners pursuant to this court's prior order. According to Kerr, Burhoe is suffering from pronounced delusional beliefs that his attorney is deceiving him and is doing so for his own nefarious purposes. Burhoe believes both David Bate, his federal attorney, and Walter Hanstein, his state attorney, are both involved in this conspiracy. Kerr concluded that the problem was not unique to the Bate/Burhoe relationship, but rather was a product of Burhoe's delusional beliefs. Kerr noted that at the first meeting, on June 18, Burhoe seemed more lucid and that while he maintained some delusional beliefs about Bate, those beliefs were not essential to the attorney/client relationship. By the time Kerr returned on June 29, Burhoe's paranoia was so intense as to undermine Burhoe's capacity for a factual and rational understanding of the proceedings against him. Burhoe's paranoia regarding his attorneys and the legal system raise significant concerns about the basis of any legal decisions he might make based on his delusional understanding of the process and the legal advice/protection he is receiving. Kerr concluded the clinical data would not support a legal finding of competence and I am forced to agree with him.

Burhoe declined to address the court at the hearing and thus I have no personal observations that would differ from those reported by Kerr.

According to Kerr, based upon Burhoe's past history there is a probability that medication and clinical treatment in a controlled in-patient environment would restore Burhoe's competency, at least on a temporary basis. Kerr cautioned that Burhoe's competency would most likely be "fragile" and "fleeting." I would thus recommend that this court once more commit Burhoe to a federal facility with the understanding that such a commitment would probably restore Burhoe's competence to stand trial (and participate in a hearing on the motion to suppress). I thus recommend that this court find Burhoe incompetent to assist counsel at a hearing on the motion to suppress at this time. I further recommend that if Burhoe is once again restored to competence, this matter should be processed in the most expeditious manner possible, given Kerr's assessment that a return to competence could be expected to be "fragile" and "fleeting."

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 20, 2009