UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 06-57-B-W. |
| ) | |
| WILLIAM BURHOE, ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS INDICTMENT**

NOW COMES Defendant, William Burhoe, by and through counsel, David W. Bate, and moves to dismiss the Indictment on grounds that the Second and Fifth amendments prohibit the use of an emergency, <u>ex parte</u> psychiatric commitment as a predicate to a violation under 18 U.S.C. § 922(g)(4) (possession of a firearm by a person who has been "committed to a mental institution").

Mr. Burhoe understands that this Court recently has denied similar motions in at least two other cases that are on appeal to the First Circuit.  <u>United States v. Murphy</u>, CR-09-157-B-W, Order on Defendant's Motion to Dismiss Indictment (Feb. 3, 2010) (Document 38) and <u>United States v. Small</u>, CR-09-184-B-W, Order on Defendant's Motion to Dismiss Indictment (Feb. 16, 2010) (Document 23).  Mr. Burhoe waives hearing on this Motion and respectfully submits this issue to the Court on the instant Motion and attached exhibit.

    I.    **FACTUAL BACKGROUND**

The Indictment charges the following conduct in violation of 18 U.S.C. § 922(g)(4):  "On or about June 6, 2006, in the District of Maine, defendant, William Burhoe, having been

-2-

committed to a mental institution on August 26, 1997, knowingly possessed within or affecting commerce the following firearms: 1. A Remington Model 721, .270 rifle ...; and 2. Midland-Armsport Model 1126, 12 gauge shotgun ... ."  (Document 1)

As in <u>Small</u>, a three step process was followed in committing Mr. Burhoe on August 26, 1997.  First, an applicant completed and signed an application for emergency committal or "blue paper" stating the reasons the applicant believed Mr. Burhoe was mentally ill and posed a likelihood of serious harm.  34-B M.R.S.A. § 3863(1).  Second, a physician certified that he examined Mr. Burhoe and agreed that Mr. Burhoe was mentally ill and posed a likelihood of serious harm.  <u>Id.</u> at § 3863(2).  Third, a judicial officer certified that the application complied with the procedures set forth in Maine law.  <u>Id.</u> at § 3863(3).  <u>See also</u> Application for Emergency Involuntary Admission to a Mental Hospital (Exhibit A).[1]

**II.  DISCUSSION**

The First Circuit has held that, for purposes of § 924(g)(4), an emergency psychiatric admission under Maine law is a "commitment."  <u>See</u> <u>United States v. Chamberlain</u>, 159 F.3d 656 (1st Cir. 1998).  Mr. Burhoe moves to dismiss the Indictment on grounds that construing "commitment" to include Maine's emergency, <u>ex parte</u> psychiatric commitment violates Due Process and the Second Amendment, thereby rendering the statute, as

---

[1] To be filed under seal.

DAVID W. BATE • ATTORNEY AT LAW
15 Columbia Street • Suite 301 • Bangor, Maine 04401
Tel: (207) 945-3233 • Fax: (207) 433-7169 • Email: davebate@gwi.net

applied, unconstitutional.

### A. Emergency and Long Term Psychiatric Commitments under 34-B M.R.S.A. §§ 3863, 3864

As this Court explained in Murphy, there are separate procedures for both emergency, short term psychiatric commitment and long term commitment under Maine law:

> Maine law has two separate procedures for hospitalization when there is concern that a patient poses a likelihood of serious harm because of a mental illness. Section 3863 allows for emergency hospitalization based on the asserted belief by an applicant and a doctor's certification. This ex parte procedure provides no opportunity for the patient to respond, but the patient can only be held temporarily. After three days, the hospital must either release the patient or move to continue the period of commitment. 34-B M.R.S.A. § 3863(5)(B)(2).
>
> Section 3864, on the other hand, allows for long-term commitment: the patient can be committed for up to 4 months after the first hearing and a period not to exceed one year after all subsequent hearings. 34-B M.R.S.A. § 3864(7). However, commitment under § 3864 is allowed only after a formal hearing during which the patient is afforded extensive procedural rights, including access to an attorney; the ability to testify, present witnesses, and cross-examine; and the right to appeal. Id. at § 3864(5).

Murphy, Order on Defendant's Motion to Dismiss Indictment, at 3.

### B. First Circuit on § 924(g)(4) and Emergency Psychiatric Commitments in Maine

Section 922(g)(4) makes it unlawful for anyone "who has been adjudicated as a mental defective or who has been committed to a mental institution" to possess a gun. Congress did not define the phrase, "committed to a mental institution."

As outlined by this Court in Murphy, the First Circuit has twice ruled that an emergency psychiatric commitment under Maine

-4-

law constitutes being "committed to a mental institution" under § 924(g)(4).  <u>Murphy</u>, Order on Defendant's Motion to Dismiss Indictment, at 4-6.  <u>See also</u> <u>United States v. Holt</u>, 464 F.3d 101, 105 (1st Cir. 2001); <u>United States v. Chamberlain</u>, 159 F.3d 656, 661 (1st Cir. 1998).

In <u>Holt</u>, the First Circuit rejected the argument specifically presented in the present case, holding that § 924(g)(4) does not require a hearing or any judicial process beyond the three steps for an emergency commitment under § 3863, as outlined above.

### C. <u>Due Process Argument</u>

As stated in the Motion to Dismiss in <u>United States v. Zetterman</u>, 09-54-B-W, pp. 3-4 (D. Me.),

> Mr. [Burhoe] does not challenge the constitutionality of the commitment proceedings established by statute in Maine.  It is the permanent consequences the First Circuit has endowed upon what is meant to be a basis for temporary detention into a substantive deprivation of liberty interests that spurs Mr. [Burhoe's] motion to dismiss.  The differences between an emergency admission and a "commitment" is the difference between a warrantless arrest and permanent detention without judicial review: the level of intrusion in an unreviewed detention can only be justified by its temporary nature and the interests of society in the temporary restraint.  The First Circuit's construction of the term "commitment" in § 922(g)(4) turns an emergency admission into a permanent deprivation of liberty without the process due under the Fifth Amendment for a civil commitment.  Therefore, Mr. [Burhoe] is deprived of his right to Due Process because he was never subject to a commitment hearing, and therefore could not have been "committed" as that term has been defined by the United States Supreme Court.

<u>See also</u> <u>Murphy</u>, Order on Defendant's Motion to Dismiss, pp. 6-

12.

### D. Second Amendment Argument

Once again, from the Motion to Dismiss in <u>United States v. Zetterman</u>, 09-54-B-W, p.4:

> The Second Amendment argument is related, in that for those who are not found to create a danger to themselves or others by means of an adequate hearing process are deprived of an individual right under the Constitution. Because many who are mentally ill are not also dangerous, the application of § 922(g)(4) to those who have never been found to be both mentally ill and dangerous creates an over-broad deprivation of a core constitutional right that does not withstand intermediate scrutiny.

<u>See also</u> <u>Murphy</u>, Order on Defendant's Motion to Dismiss, pp. 12-14.

### III. CONCLUSION

Mr. Burhoe understands that the Court is inclined to follow its own precedent and bound to follow that from the First Circuit. Mr. Burhoe files this Motion in order to preserve his right to appeal the issues set forth herein.

Dated in Bangor, Maine this 23rd day of August, 2010.

>   /s/David W. Bate
>   Attorney for Defendant
>   Fed. Bar No. 2096
>   15 Columbia Street, Suite 301
>   Bangor, Maine  04401
>   (207) 945-3233
>   davebate@gwi.net

Attached: Exhibit A: Application for Emergency Involuntary Admission to a Mental Hospital (under seal)

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date, I electronically filed this pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    AUSA Todd Lowell, Esq.

                                      /s/David W. Bate
                                      Attorney for Defendant
                                      Fed. Bar No. 2096
                                      15 Columbia Street, Suite 301
                                      Bangor, Maine  04401
                                      (207) 945-3233
                                      davebate@gwi.net