UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-06-57-B-W |
| | ) | |
| WILLIAM C. BURHOE | ) | |

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

William Burhoe moves to dismiss the Indictment under 18 U.S.C. § 922(g)(4) on Second and Fifth Amendment grounds. The Court has previously addressed and rejected each argument Mr. Burhoe now presents. Consistent with its earlier decisions, the Court denies Mr. Burhoe's Motion to Dismiss the Indictment.

**I.    STATEMENT OF FACTS**

   **A.    Factual Background and Procedural History[1]**

In 1997, Mr. Burhoe was committed to a mental institution under 34-B M.R.S.A. § 3863, a Maine statute that allows for emergency hospitalization of those believed to be mentally ill and to pose a risk of serious harm because of the illness. *Def.'s Mot. to Dismiss Indictment* at 2 (Docket # 219) (*Def.'s Mot.*); 34-B M.R.S.A. § 3863 (1), (2), (3). Mr. Burhoe concedes that he was committed according to the Maine statute's three-step process. *See Def.'s Mot.* at 2. Although 34-B M.R.S.A. §

---

[1] The Court has misgivings about accepting Mr. Burhoe's assertions of what took place in 1997 in ruling on his motion to dismiss. *Whitehouse v. United States Dist. Court*, 53 F.3d 1349, 1359-60 (1st Cir. 1995) (stating that [a] court should exercise its authority to dismiss cautiously, since to dismiss an indictment "directly encroaches upon the fundamental role of the grand jury"). By accepting his version of events, his motion sounds more like a motion for summary judgment, which is unknown in criminal law. Rather, the Court views his factual contentions as providing context for his claim that a commitment under the Maine statute cannot legally be used as a predicate for an alleged violation of 18 U.S.C. § 922(g)(4). The Court's misgivings however persist because Mr. Burhoe asserts that he is making an "as applied" challenge to the Indictment. *Def.'s Mot.* at 2-3. A separate basis for the Court's ruling might well be that Mr. Burhoe must await trial to develop facts that would support his as applied constitutional challenge.

3863 does not provide a patient with a formal hearing prior to initial commitment, a District Court must provide a patient with a formal hearing before any extended involuntary commitment. 34-B M.R.S.A. § 3863(5)(B)(2)[2]).

In 2006, a federal grand jury indicted Mr. Burhoe under 18 U.S.C. § 922(g)(4), and charged him with knowingly possessing firearms after having been committed to a mental institution. *Indictment* at 1 (Docket #1).[3] On August 23, 2010, Mr. Burhoe moved to dismiss the indictment "on grounds that the Second and Fifth [A]mendments prohibit use of an emergency, *ex parte* psychiatric commitment as a predicate to a violation under 18 U.S.C. § 922(g)(4)." *Def.'s Mot.* at 1. The Government responded on September 1, 2010.

B.   **Legal Contentions**

Mr. Burhoe's Fifth Amendment due process argument challenges the First Circuit's holding that emergency psychiatric commitment under 34-B M.R.S.A. § 3863 constitutes being "committed to a mental institution" under 18 U.S.C. § 922(g)(4). *Id.* at 3-4 (citing *United States v. Holt*, 464 F.3d 101, 105 (1st Cir. 2001), and *United States v. Chamberlain*, 159 F.3d 656, 661 (1st Cir. 1998)). That holding establishes that Maine's three-step process for emergency commitment may satisfy the "committed to a mental institution" element of § 922(g)(4).

---

[2] 34-B M.R.S.A. 3863(5) was repealed, effective April 14, 2010.
[3] 18 U.S.C. § 922(g)(4) states in relevant part:
   **(g)** It shall be unlawful for any person . . . **(4)** who has been adjudicated as a mental defective or who has been committed to a mental institution; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2

Mr. Burhoe contends that "the level of intrusion in an unreviewed detention can only be justified by its temporary nature and the interests of society in the temporary restraint." *Id.* at 4. The First Circuit's holdings, he argues, "turn an emergency admission into a permanent deprivation of liberty without the process due under the Fifth Amendment for a civil commitment." *Id.*

Mr. Burhoe's Second Amendment argument is related to his due process argument. He argues that § 922(g)(4) deprives individuals of an individual right under the Constitution without an adequate hearing process to determine whether they are a danger to themselves or others. *Id.* at 5 "Because many who are mentally ill are not also dangerous," Mr. Burhoe argues, the application of § 922(g)(4) "to those who have never been found to be both mentally ill and dangerous creates an over-broad deprivation of a core constitutional right that does not withstand intermediate scrutiny" *Id.*

The government responds that the Court has already considered and rejected all Mr. Burhoe's arguments. *Government's Resp. to Def.'s Mot. to Dismiss Indictment* at 1 (Docket # 223) (*Government's Resp.*) (citing *United States v. Zetterman*, CR-09-54-B-W, 2010 WL 1049870 (D. Me. Mar. 17, 2010); *United States v. Small*, CR-09-184-B-W, 2010 WL 583643 (D. Me. Feb. 16, 2010); and *United States v. Murphy*, 681 F. Supp. 2d 95 (D. Me. 2010)). Mr. Burhoe does not contend that there are any legally relevant differences between this case and those already decided by the Court. *Id.* Therefore, the Government argues, the Court should deny Mr. Burhoe's Motion in accordance with its previous rulings. *Id.* at 2.

3

## II. DISCUSSION

In *Zetterman*, *Small*, and *Murphy*, the Court addressed the due process and Second Amendment issues presented here. *See Zetterman*, 2010 WL 1049870; *Small*, 2010 WL 583643; *Murphy*, 681 F. Supp. 2d 95). Mr. Burhoe has presented no justification for the Court to alter its rulings – no intervening contrary case law in the First Circuit, this District, or elsewhere. Indeed, Mr. Burhoe acknowledges as much in his own Motion, which he files only to preserve these issues on appeal. *Def.'s Mot. at* 5. Accordingly, the Court applies its reasoning in *Zetterman*, *Murphy*, and *Small* to the issues here and arrives at the same result.

## III. CONCLUSION

The Court DENIES the Defendant's Motion to Dismiss the Indictment (Docket #219).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2010

4